FILED

2020 FEB -5 PM 1: 02

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1] | Case No. 17-12560 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATING TRUST, | |
| Plaintiff, | Adversary Proceeding Case No. 19-50976 (BLS) |
| v. | |
| JOSEPH W. ISAAC a/k/a JOSEPH W. ISAACS, | |
| Defendants. | |

## DEFENDANT, JOSEPH W. ISAAC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT: (I) FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS; AND (II) FOR SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD

Defendant Joseph W. Isaac (the "Defendant"), submit this Answer and Affirmative Defenses to

the Complaint (I) For Avoidance And Recovery Of Avoidable Transfers; And (II) For Sale Of

Unregistered Securities, For Fraud, And For Aiding And Abetting Fraud of Michael Goldberg, in

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

1

his capacity as Liquidating Trustee of the Woodbridge Liquidating Trust, (the "Plaintiff"), in the matter of Woodbridge Group of Companies, LLC., et al. (the "Debtors"), filed on November 30, 2019 (the "Complaint"), and states and alleges as follows:

## NATURE OF THE ACTION

1.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.  To the extent a response is required, Defendant denies paragraph 1.

2.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.  To the extent a response is required, Defendant denies paragraph 2.

3.      Paragraph 3 of the Complaint contains statements and legal conclusions to which no response is required.  Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies paragraph 3.

## JURISDICTION AND VENUE

4.      The Defendant denies paragraph 4 of the Complaint.  The Defendant object to the court's jurisdiction over all claims and the filing of this Answer does not constitute a waiver of the Defendant's objection to jurisdiction, process, or service of process.  In the event that this Court does find that it has jurisdiction, the Defendant reserves his right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of a final order by the Bankruptcy Court.

5.      In response to paragraph 5 of the Complaint, the Defendant admit.

## THE PARTIES

*The Liquidation Trust*

6.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 6 of the Complaint.

7.      The Defendant is informed and believe that the status of the case is as reflected

in the Court records, but, except as so admitted, denies each and every allegation of paragraph 7 of the Complaint.

8.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 8 of the Complaint.

9.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 9 of the Complaint.

10.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 10 of the Complaint.

11.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 11 of the Complaint.

12.      The Defendant is informed and believe that the status of the case is as reflected in the Court records, but, except as so admitted, denies each and every allegation of paragraph 12 of the Complaint.

***Defendants***

13.      The Defendant denies paragraph 13 of the Complaint.

14.      The Defendant denies paragraph 14 of the Complaint.

## **FACTUAL BACKGROUND**

***The Fraud***

15.      Paragraph 15 of the Complaint contains statements and legal conclusions to which no response is required.  Notwithstanding the foregoing, to the extent that a response is required, the Defendant denies.

16.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint. To the extent a response is required, Defendant denies paragraph 16.

17.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint. To the extent a response is required, Defendant denies paragraph 17.

18.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint. To the extent a response is required, Defendant denies paragraph 18.

19.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint. To the extent a response is required, Defendant denies paragraph 19.

***The Transfers***

20.     The Defendant denies paragraph 20 of the Complaint.

21.     The Defendant denies paragraph 21 of the Complaint.

### FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

22.     The Defendant restates and incorporates by reference his answer set forth in paragraphs 1 through 21 above.

23.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint. To the extent a response is required, Defendant denies paragraph 23.

24.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint. To the extent a response is required, Defendant denies paragraph 24.

25.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.  To the extent a response is required, Defendant denies paragraph 25.

### *Defendant's additional response to First Claim for Relief:*

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I

was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to to refer everyone i spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts, administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies  LLC

6

administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

26.    The Defendant restates and incorporates by reference his answer set forth in paragraphs 1 through 25 above.

27.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.  To the extent a response is required, Defendant denies paragraph 27.

28.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.  To the extent a response is required, Defendant denies paragraph 28.

29.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.  To the extent a response is required, Defendant denies paragraph 29.

30.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.  To the extent a response is required, Defendant denies paragraph 30.

31.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.  To the extent a response is required, Defendant denies paragraph 31.

***Defendant's additional response to Second Claim for Relief:***

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding

7

all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer

everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts, administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

32.    The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 31 above.

33.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint. To the extent a response is required, Defendant denies paragraph 33.

9

34.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.  To the extent a response is required, Defendant denies paragraph 34.

35.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.  To the extent a response is required, Defendant denies paragraph 35.

36.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.  To the extent a response is required, Defendant denies paragraph 36.

37.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.  To the extent a response is required, Defendant denies paragraph 37.

38.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.  To the extent a response is required, Defendant denies paragraph 38.

***Defendant's additional response to Third Claim for Relief:***

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I

would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all marketing dept calls during all marketing calls. These four quality control employee's only job was to listen and make sure I and all marketing sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house

11

attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts, administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies  LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Voidable Transactions – State Law

39.     The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 38 above.

40.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.  To the extent a response is required, Defendant denies paragraph 40.

41.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.  To the extent a response is required, Defendant denies paragraph 41.

42.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.  To the extent a response is

required, Defendant denies paragraph 42.

43.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.  To the extent a response is required, Defendant denies paragraph 43.

44.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.  To the extent a response is required, Defendant denies paragraph 44.

45.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.  To the extent a response is required, Defendant denies paragraph 45.

**Defendant's additional response to Fourth Claim for Relief:**

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

13

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts,

14

administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies  LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

### **FIFTH CLAIM FOR RELIEF**

### **Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))**

46.     The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 45 above.

47.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.  To the extent a response is required, Defendant denies paragraph 47.

48.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.  To the extent a response is required, Defendant denies paragraph 48.

49.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.  To the extent a response is required, Defendant denies paragraph 49.

50.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.  To the extent a response is required, Defendant denies paragraph 50.

51.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.  To the extent a response is

required, Defendant denies paragraph 51.

**Defendant's additional response to Fifth Claim for Relief:**

  The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

  As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

  As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually

and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts, administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

## SIXTH CLAIM FOR RELIEF

### Fraud

52.    The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 51 above.

53.    In response to paragraph 53 of the Complaint, the Defendant denies.

54.    In response to paragraph 54 of the Complaint, the Defendant denies.

55.    In response to paragraph 55 of the Complaint, the Defendant denies.

56.    In response to paragraph 56 of the Complaint, the Defendant denies.

57.    In response to paragraph 57 of the Complaint, the Defendant denies.

*Defendant's additional response to Sixth Claim for Relief:*

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure, contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

18

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts,

administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies  LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

## **SEVENTH CLAIM FOR RELIEF**

### **Aiding and Abetting Fraud**

58.     The Defendant restates and incorporates by reference his answers set forth in paragraphs 1 through 57 above.

59.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.  To the extent a response is required, Defendants deny paragraph 59.

60.     In response to paragraph 60 of the Complaint, the Defendant denies.

61.     In response to paragraph 61 of the Complaint, the Defendant denies.

62.     In response to paragraph 62 of the Complaint, the Defendant denies.

63.     In response to paragraph 63 of the Complaint, the Defendant denies.

*Defendant's additional response to Seventh Claim for Relief:*

The scope of my work was limited to reading a pre-written script that the Woodbridge Group of Companies LLC gave me with strict rules not to engage in any contractual or legal questions with insurance agents, financial planners or real estate agents or even in the rare cases speaking with their clients that called in to ask a question. I simply referred them to legal dept and Woodbridge Group of Companies LLC in house attorneys to answer all questions regarding all Woodbridge Group of Companies LLC products real estate trust deeds, investment structure,

contractual and legal questions asked by financial advisors their clients or insurance agents advisors.

As far my lead sources that I was contacting, it was through a cold calling list that was given to us by the Woodbridge Group of Companies LLC Managers. The lead sources I would contact through cold calling were insurance agents, real estate agents and financial planners. I would offer these prospective advisors Woodbridge properties at wholesale as their brochure explained in order for them to offer properties to their clients by sending them company written brochures and company designed emails and company designed marketing material only. Also all the properties I was offering to review were listed on Woodbridge Group of LLC public website available for advisors and any public person to view.

As far as what I communicated verbally to prospective advisor wholesale clients and all clients Woodbridge Group of Companies LLC had very strict rules about us following their script and even had four Woodbridge group of companies employees present in charge of quality control monitoring myself and all salespeople during all marketing sales calls. These four quality control employee's only job was to listen and make sure I and all sales people were following the Woodbridge written sales script only and if I or any salesperson had deviated from the script I and all salespersons were severely warned and reprimanded and threatened to be written up and I was told I would be fired if I deviated from the marketing script at all. I believed I was accurately describing simple honest secured real estate trust deed investments. And I was told continually and regularly that these were simply trust deeds that were secured by real estate properties and not a security regarding the properties that Woodbridge Group of Companies LLC offered at wholesale to insurance agents, financial planners. Refer to the Woodbridge Group of Companies LLC marketing script for details.

If there were any questions outside of the Woodbridge Group of Companies LLC supplied marketing script, whether they were legal questions, investment structure or contractual questions or any other questions beyond the script that I was reading, I was strictly told to refer everyone I spoke with and transfer the call to the Woodbridge Group of Companies LLC in-

house attorneys for them to answer any of these detailed contractual, investment structure or legal questions regarding Woodbridge Group of Companies LLC investments offered and without exception and refer all these detailed questions that go beyond the Woodbridge Group of Companies LLC supplied script to the Woodbridge Group of Companies LLC to in house attorneys as I was not qualified to answer any of these questions. Nor was it my company position to do so.

In summary, I had nothing to do with the Woodbridge Group of Companies LLC use of funds or any investment structures or structuring or designing any investments, or investment funds or obtaining properties, rehabbing properties, securing properties, purchasing properties, selling properties, qualifying properties, answering legal questions, reviewing contracts, administration activities, company marketing activities, management activities, and/or having any access to any administrative or managerial activities within their scope of responsibilities at anytime or any involvement on these levels or personally receiving funds or contracts of any kind. And as far as receiving funds or client contracts, all these activities were handled by Woodbridge Group of Companies LLC managers and administration department and financial advisors offering these products directly to their clients of choice and as well as all advisers only sent all their finalized contracts and funds to directly Woodbridge Group of Companies LLC administration office and I did not personally have any access to these investment funds or finalized contracts or receiving them ever or at any time.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant request that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

64.   Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

65.     Pursuant to 11 U.S.C. 547(c)(2), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant, and such Transfers were either: (A) made in the ordinary course of business or financial affairs of the Debtor and the Defendant, or (B) made according to ordinary business terms.

## SECOND AFFIRMATIVE DEFENSE

66.     Pursuant to 11 U.S.C. 547(c)(1), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were: (A) intended by the Debtors and the Defendant to or for whose benefit such Transfer was made to be a contemporaneous exchange for new value given to the Debtor; and (B) in fact a substantially contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

67.     Pursuant to 11 U.S.C. 547(c)(4), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that, after such Transfers, the Defendant gave new value to or for the benefit of the Debtor that was: (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

68.     The Plaintiff seeks to disallow the Defendant's claim due to the Transfers, which the Plaintiff is barred from recovering because at all times relevant to the matters complained of the Debtors and all subsidiaries were solvent.  Consequently, the Defendant's claim may not be disallowed.

### FIFTH AFFIRMATIVE DEFENSE

69.     Any transfer described in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

### SIXTH AFFIRMATIVE DEFENSE

70.     The Plaintiff seeks to disallow the Defendant's claim due to the Transfers which it is barred from recovering by the doctrine of laches and, consequently, the Defendant's claim may not be disallowed.

### SEVENTH AFFIRMATIVE DEFENSE

71.     The Plaintiff lacks standing to sue under Section 544 and 548 of the Bankruptcy Code in so far as the Complaint alleges that the Investors authorized and ratified the payments that the Plaintiff seeks to avoid.  A Transfer cannot be avoided for the benefit of a creditor that authorized or ratified the Transfer.

72.     The Plaintiff lacks standing to assert claims, in whole or in part, by reason that the claims were not specifically and unequivocally retained for the benefit of the Plaintiff in the Plan or Disclosure Statement.

### EIGHTH AFFIRMATIVE DEFENSE

73.     The Defendant denies these allegations to the extent that the Defendant has a conduit or earmarking defense.

### NINTH AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

75.     The Plaintiff seeks to disallow the Defendant's claims due to the alleged fraudulent transfers (the "Fraudulent Transfers") which the Plaintiff is barred from recovering to the extent that the transferee or obligee of such a transfer or obligation that takes for value and in

good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the Debtor in exchange for such transfer or obligation.

76.     Pursuant to 11 U.S.C. 548(c) such alleged Fraudulent Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

## ELEVENTH AFFIRMATIVE DEFENSE

77.     To the extent that the Transfers are alleged to be Fraudulent Transfers: the Plaintiff's claims are barred, in whole or in part, by reason that, to the extent that it received any alleged Fraudulent Transfer(s), Defendant was at all times good faith transferees for value pursuant to 11 U.S.C § 548(c), Delaware Uniform Fraudulent Transfer Act § 1308, or any other applicable State law.

## TWELFTH AFFIRMATIVE DEFENSE

78.     The Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that the Defendant, to the extent they took any transfer(s), took the alleged Transfers from the Debtors for value, in good faith and without knowledge of the voidability of the alleged Transfers.

## THIRTEENTH AFFIRMATIVE DEFENSE

79.     The Plaintiff's claims are barred, in whole or in part, by reason that Defendant lacked actual knowledge of fraud, misappropriation or any other misconduct on the part of the Debtors and/or anyone acting by, through, for or against it.

## FOURTEENTH AFFIRMATIVE DEFENSE

80.     The Plaintiff's claims are barred under the doctrine of *in pari delicto*.  (1) The Plaintiff, as a result of his own actions, bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of suit would not significantly interfere with the effective enforcement of the laws and protection of the public.

## FIFTEENTH AFFIRMATIVE DEFENSE

81.    The Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. §546(e) because the transfers to the Defendant were settlement payments related to a securities contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

82.    The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendants.

83.    The Defendant reserves the right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.


/ / /

/ / /

/ / /

## SEVENTEENTH AFFIRMATIVE DEFENSE

84.    The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend her answer to assert any such defenses.  The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**TO THE EXTENT ALLOWED BY LAW JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: February 4, 2020

Respectfully submitted,

By:    _____
JOSEPH W. ISAAC
*Defendant In Pro Se*
12672 Limonite Avenue, #3E #768
Eastvale, CA 92880
Tel: (818) 257-9911
Email: joseph41121@gmail.com