**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,[1]<br>　　　　　　　　　　Remaining Debtors.<br><br>MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>JOSEPH W. ISAAC a/k/a JOSEPH W. ISAACS,<br><br>　　　　　　　　　　Defendant. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 19-50976 (JKS) |

## STIPULATION OF SETTLEMENT AND FOR ENTRY OF JUDGMENT AGAINST JOSEPH ISAACS

This *Stipulation of Settlement and for Entry of Judgment Against Joseph Isaacs* (the "Stipulation") is entered into between the following parties (collectively, the "Parties") to the above-captioned adversary proceeding (the "Adversary Proceeding"): plaintiff Michael Goldberg, as Liquidating Trustee of the Woodbridge Liquidation Trust, (the "Plaintiff" or "Trustee"); and defendant Joseph Isaacs a/k/a Joseph Isaac ("Isaacs" or "Defendant").

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

## RECITALS

WHEREAS, Plaintiff is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust") created pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies LLC and its Affiliated Debtors* [Bankr. Docket No. 2397] (the "Plan") and the order [Docket No. 2903] confirming the Plan (the "Confirmation Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, in accordance with the Plan and Confirmation Order, Plaintiff was vested with an has the sole authority to pursue and resolve: (i) certain rights of the debtors (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Bankruptcy Cases"), including to avoid certain transfers, and (ii) claims and causes of action contributed by certain investors to the Trust (the "Contributed Claims").

WHEREAS, on or about November 30, 2019, Plaintiff commenced the Adversary Proceeding by filing a complaint (the "Complaint") against Defendant to recover commission payments under applicable provisions of the Bankruptcy Code in the amount of $487,041.05 (the "Transfers") and Contributed Claims in the amount of $14,187,559.90.

WHEREAS, the Bankruptcy Court has subject matter jurisdiction over the Adversary Proceeding, personal jurisdiction over Defendant, and the authority to enter final judgment on all claims set out in the Complaint.

WHEREAS, the Parties have agreed to compromise and resolve their disputes on the terms set out in this Stipulation, including the *Settlement Agreement* attached hereto (without exhibits) as **Exhibit 1** (the "Settlement Agreement") and incorporated by reference as if fully set out herein.

2

DOCS_LA:338016.3 94811/003

NOW, THEREFORE, it is hereby stipulated by the Parties that:

1. The Trustee shall have a judgment against Defendant in the amount of eight million dollars ($8,000,000.00) (the "Stipulated Judgment") attached as **Exhibit 2**, and the Bankruptcy Court has jurisdiction and authority to enter a final, binding judgment in the amount of the Stipulated Judgment Entitlement against Defendant.

2. Notwithstanding Paragraph 1, and subject to the entirety of this Stipulation and the Settlement Agreement, the Trustee agrees to accept a total payment from Defendant in the amount of five hundred fifty thousand dollars ($550,000.00) (the "Reduced Payment Amount") if and only if such Reduced Payment Amount is paid to the Trustee in strict accordance with the terms of the Settlement Agreement (time being of the essence). The Parties agree that the Trustee's willingness to accept the Reduced Payment Amount is merely an accommodated reduction for prompt payment, and in no way detracts from the fact that the Trustee is entitled to a judgment against Defendant in the amount of the Stipulated Judgment Entitlement.

3. The Trustee does not agree to forbear from immediate entry or enforcement of the Stipulated Judgment against Defendant. However, the Trustee agrees that Defendant has until October 31, 2022 to pay the Reduced Payment Amount. Any funds collected through the use of judgment enforcement will not be credited towards the Reduced Payment Amount (only payments voluntarily made by the Defendant will be credited). Defendant shall not be entitled to any other reduction or offset or credit of any nature, nor shall Defendant be entitled to satisfy the Stipulated Judgment after October 31, 2022 by tendering the Reduced Payment Amount.

4. Upon entry of the Stipulated Judgment by the Bankruptcy Court, the Stipulated Judgment shall begin to accrue post-judgment interest at the federal rate upon entry and shall be immediately enforceable.

5. Defendant acknowledges and agrees that that he has carefully read and understood this Stipulation and the Settlement Agreement, and that he has been represented by counsel in connection with the negotiation of this Stipulation and the Settlement Agreement. Defendant understands the serious consequences of failure to timely pay the Reduced Payment Amount in strict accordance with the terms of the Settlement Agreement.

6. This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation. Delivery of a signature page to this Stipulation by facsimile or other electronic means shall be effective as delivery of the original signature page to this Stipulation.

7. The Bankruptcy Court retains exclusive jurisdiction to interpret and enforce this Stipulation and the Settlement Agreement.

WHEREFORE, the Parties have executed this Stipulation on the dates shown below.

Dated: July 21, 2021

_____
Michael Goldberg
Liquidating Trustee of the
Woodbridge Liquidation Trust

Dated: July 14, 2021

_____
Joseph Isaacs a/k/a Joseph Isaac

APPROVED AS TO FORM:

Dated: July 21, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Colin R. Robinson*
    Bradford J. Sandler (DE Bar No. 4142)
    Andrew W. Caine (CA Bar No. 110345)
    Colin R. Robinson (DE Bar No. 5524)
    PACHULSKI, STANG, ZIEHL & JONES LLP
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400
    Email:    bsandler@pszjlaw.com
              acaine@pszjlaw.com
              crobinson@pszjlaw.com

THE LAW OFFICE OF JAMES TOBIA, LLC

By: _____
    James Tobia, Esq. (DE Bar No. 3798)
    1716 Wawaset Street
    Wilmington, DE 19806
    Telephone: (302) 655-5303
    Email: jtobia@tobialaw.com

5

# EXHIBIT 1

(Settlement Agreement Without Exhibits)

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between (i) Joseph Isaacs a/k/a Joseph Isaac ("Isaacs" or "Defendant"), and (ii) Michael Goldberg, as Liquidating Trustee of the Woodbridge Liquidation Trust ("Plaintiff" or the "Trustee"). The Trustee and Defendant are each a "Party" and referred to collectively at times herein as the "Parties."

### Recitals

A.  Plaintiff is the duly appointed trustee of the Woodbridge Liquidation Trust (the "Trust") created pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* (Bankr. Docket No. 2397) (the "Plan") and the order [Docket No. 2903] confirming the Plan (the "Confirmation Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.  In accordance with the Plan and the Confirmation Order, Plaintiff was vested with and has the sole authority to pursue and resolve: (i) certain rights of Woodbridge Group of Companies, LLC and affiliated debtors (the "Debtors") in their chapter 11 bankruptcy cases, including to avoid certain transfers, and (ii) claims and causes of action contributed by certain investors to the Trust (the "Contributed Claims").

C.  On or about November 30, 2019, Plaintiff commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Defendant to recover commission payments under applicable provisions of the Bankruptcy Code in the amount of $487,041.05 (the "Transfers") and Contributed Claims in the amount of $14,187,559.90.

D.  The Bankruptcy Court has subject matter jurisdiction over the Adversary Proceeding, personal jurisdiction over Defendant, and the authority to enter final judgment on all claims set out in the Complaint.

E.  The Parties have agreed to compromise and resolve their disputes on the terms set out in this Agreement and in the *Stipulation of Settlement and for Entry of Judgment Against Joseph Isaacs* (the "Stipulation").

**NOW, THEREFORE**, in consideration of the foregoing recitals, each of which are true and correct and each of which are incorporated into and made an integral part of this Agreement:

### Agreement.

1.  **Authority.** The Parties warrant that they are authorized to enter into this Agreement and that by their signatures below, it will become a binding agreement.

2.  **No Admission of Liability.** The Parties acknowledge that this Agreement represents a compromise of disputed claims and that, by entering into this Agreement, none of the Parties admits or acknowledges the existence of any liability or wrongdoing.

3.  **Liability for Stipulated Judgment Amount.** The Trustee shall have a judgment against Defendant in the amount of eight million dollars ($8,000,000.00) (the "Stipulated Judgment"), and the Bankruptcy Court has jurisdiction and authority to enter a final, binding

judgment in the amount of the Stipulated Judgment against Defendant. Notwithstanding that fact, and subject to the entirety of this Agreement and the Stipulation, the Trustee agrees to accept a total payment from Defendant in the amount of five hundred fifty thousand dollars ($550,000.00) (the "Reduced Payment Amount") if and only if such Reduced Payment Amount is paid to the Trustee in strict accordance with the payment schedule set out in Paragraph 3. The Trustee does not agree to forbear from entry of immediate judgment enforcement of the Stipulated Judgment against Defendant, and any funds collected through the use of judgment enforcement will not be credited towards the Reduced Payment Amount. If the Stipulated Judgment is entered: (i) it shall begin to accrue post-judgment interest at the federal rate upon entry and shall be immediately enforceable; (ii) Defendant shall not be entitled to any other reduction or offset or credit of any nature; and (iii) Defendant shall not be entitled to satisfy the Stipulated Judgment by tendering the balance of the Reduced Payment Amount if paid after October 31, 2022. Non-payment of the Reduced Payment Amount does not constitute a breach of this agreement, and nothing contained herein entitles Plaintiff to commence any action, suit or proceeding to compel payment of the Reduced Payment Amount.

4. **Payment.** To satisfy the judgment by payment of the Reduced Payment Amount, Defendant shall pay $550,000.00 (the "Settlement Payment") to the Liquidation Trust, either by checks or by wire, so as to be received in full by the Liquidation Trust no later than October 31, 2022.

If by checks, the Settlement Payment shall be made payable to Michael Goldberg, Liquidating Trustee of the Woodbridge Liquidation Trust and mailed as follows:

> Michael Goldberg, Liquidating Trustee of the
> Woodbridge Liquidation Trust
> c/o Jason S. Pomerantz, Esq.
> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

If by wire, Settlement Payment instructions are as follows:

| | |
|---|---|
| Bank Name: | First Republic Bank |
| Bank Address: | 1888 Century Park East |
| | Los Angeles, CA 90067 |
| | Phone: (800) 392-1407 |
| ABA Routing No.: | 321081669 |
| Account No.: | 80007468673 |
| Account Name: | Woodbridge Liquidation Trust |

The later of the date upon which the Liquidation Trust bank confirms receipt of the entire Settlement Payment and the Agreement is fully executed shall be referred to as the "Effective Date".

5. **Claim Rights.** Defendant hereby waives any filed or scheduled claim(s) in the Debtor's bankruptcy cases, including his right to assert a claim cognizable under 11 U.S.C. § 502(h), and his right to receive distributions thereon.

2

6. **Limited Release of the Liquidation Trust.** Except as for the obligations contained in this Agreement, upon the Effective Date, Defendant hereby releases and forever discharges the Liquidation Trust, Debtors and their respective bankruptcy estates, the Woodbridge Liquidation Trust, Woodbridge Wind-Down Entity LLC, the Debtors, the Debtors' bankruptcy estates, and their respective affiliates and, with respect to each of the foregoing, their successors in interest and their respective agents, attorneys, consultants, financial advisors and insurers each in their capacity(ies) as such (collectively, the "Trust Release Parties") from and against any and all claims and causes of action, of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that they have or may have against any, some, or all of the Trust Release Parties relating to the Transfers sought to be recovered in the Adversary Proceeding.

7. **Limited Release of the Defendant.** Except for the obligations contained in this Agreement, unless as otherwise set forth herein, upon the Bankruptcy Court's entry of the *Order Approving Stipulation of Settlement and for Entry of Judgment Against Joseph Isaacs* attached as Exhibit 3 to the Stipulation, upon the Effective Date, the Liquidation Trust and each of the Debtors and their respective bankruptcy estates (collectively, the "Trust Releasors") hereby release and forever discharge Defendant from and against claims and causes of action, of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that the Trust Releasors have or may have against the Defendant solely relating to the Transfers sought to be recovered in the Adversary Proceeding.

8. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs in connection with the Adversary Proceeding, including the negotiation, documentation, execution, delivery, and performance of this Agreement. Notwithstanding the preceding sentence, should any action, suit or proceeding be commenced by any Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover reasonable attorneys' fees, all costs (whether denominated as such in 28 U.S.C. § 1920), and expert expenses incurred in said action, suit or proceeding, including any appeal.

9. **No Assignment.** Each Party represents and warrants to all of the other Parties and each of them, that it has not assigned or transferred any of the claims or interests addressed in this Agreement as of the date hereof. Each Party agrees to defend and indemnify all of the other Parties and each of them against any claim based upon, arising out of, or arising in connection with any such alleged or actual assignment or transfer prior to the date hereof. Following the approval of this Agreement and the Stipulation, the Trustee may freely assign the Trust's rights hereunder.

10. **Mutual Cooperation.** The Parties hereby provide assurances of cooperation to each other and agree to take any and all necessary and reasonable steps, including executing any other and further documents or instructions and performing any other and further acts, appropriate to effect the intent of this Agreement.

11. **Retention of Jurisdiction.** The Parties specifically consent to the jurisdiction and power of the Bankruptcy Court to determine any dispute relating to this Agreement, including any claim for breach, and to the power and authority of the Bankruptcy Court to enter a final judgment in connection therewith.

3

12. **Notice.** The Parties may give notice to each other by sending a written communication by overnight mail or e-mail to the Parties at the addresses set forth below, which notice shall be effective on the first business day after notice is sent.

    a.    To Defendant:

        James Tobia, Esq.
        The Law Office of James Tobia, LLC
        1716 Wawaset Street
        Wilmington, DE 19806
        Email: jtobia@tobialaw.com

        And

        Joseph Isaac
        Joseph41121@gmail.com

    b.    To the Trust:

        Woodbridge Liquidation Trust
        Attention: Jason S. Pomerantz, Esq.
        c/o Pachulski, Stang, Ziehl & Jones LLP
        10100 Santa Monica Blvd., 13th Floor
        Los Angeles, California 90067
        Email: jspomerantz@pszjlaw.com

Any Party wishing to change the address or email address at which he, she or it receives notices or payments may do so by giving notice as provided in this paragraph 13.

13. **Applicable Law.** This Agreement is to be construed under and governed by the internal laws of the State of California (without regard to conflict of laws principles) and, as applicable, the Bankruptcy Code.

14. **Entirety of Agreement.** This Agreement and the Stipulation contain the entire agreement and understanding among the Parties concerning the matters set forth herein and supersede all prior or contemporaneous stipulations, negotiations, representations, understandings, and discussions among the Parties or their respective counsel with respect to the subject matter of this Agreement. No other representations, covenants, undertakings, or other earlier or contemporaneous agreements respecting these matters may be deemed in any way to exist or bind any of the Parties. The Parties acknowledge that they have not executed this Agreement or the Stipulation in reliance on any promise, representation, or warranty other than those contained in this Agreement and the Stipulation.

15. **Construction.** This Agreement and the Stipulation are the products of negotiation among the Parties and represents the jointly conceived and bargained-for language mutually determined by the Parties to express their intentions. Any ambiguity or uncertainty in this Agreement is therefore to be deemed to be caused by or attributable to the Parties collectively and is not to be construed against any particular Party. Instead, this Agreement is to be construed in a neutral manner, and no term or provision of this Agreement as a whole is to be

4

construed more or less favorably to any one Party. Furthermore, the Parties hereby waive California Civil Code § 1654.

16.     **Written Modification**. This Agreement may not be modified except as mutually agreed to in a writing signed by all the Parties.

17.     **Waiver.** No waiver, forfeiture or forbearance of or concerning any provision of this Agreement or the Stipulation shall be deemed or shall constitute a waiver, forfeiture or forbearance of or concerning any of the other provisions, or a continuing waiver, forfeiture or forbearance.

18.     **Severability.** If, for any reason, any provision of this Agreement is determined to be invalid or unenforceable, such provision shall be automatically reformed to embody the essence of that provision to the maximum extent permitted by law, and the remaining provisions of this Agreement shall be construed, performed and enforced as if the reformed provision had been included in this Agreement at inception.

19.     **Execution.** This Agreement may be executed in several counterparts, and any and all such executed counterparts, taken together, will constitute a single agreement binding on all Parties to this Agreement. Facsimiles of signatures may be taken as the actual signatures.

Dated: July 21, 2021

_____
Michael Goldberg, Liquidating Trustee of the Woodbridge Liquidation Trust

Dated: July 14, 2021

By: _____
Joseph Isaacs a/k/a Joseph Isaac

5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**   CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of RIVERSIDE )

On JULY 14, 2021 before me, PRITI B. PATEL, NOTARY PUBLIC,
    Date                                        Here Insert Name and Title of the Officer
personally appeared JOSEPH ISAAC
                                         Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Priti B Patel_
                      Signature of Notary Public

[Notary Seal: PRITI B PATEL, Notary Public - California, Riverside County, Commission # 2352663, My Comm. Expires Apr 17, 2025]

Place Notary Seal Above

———————————— **OPTIONAL** ————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: SETTLEMENT AGREEMENT   Document Date: _____
Number of Pages: _____   Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: JOSEPH ISAAC
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☒ Individual   ☐ Attorney in Fact
☐ Trustee   ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual   ☐ Attorney in Fact
☐ Trustee   ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# **EXHIBIT 2**

## (Stipulated Judgment)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>JOSEPH W. ISAAC a/k/a JOSEPH W. ISAACS,<br><br>Defendant. | Adv. Proc. No. 19-50976 (JKS) |

## JUDGMENT

Upon the Certification of Counsel filed by counsel for the Trustee, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

    judgment is entered in favor of Michael Goldberg, as Liquidating Trustee of the Woodbridge Liquidation Trust, , and against Defendant Joseph Isaacs in the amount of eight million dollars ($8,000,000.00).

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

# **EXHIBIT 3**

(Order Approving Stipulation)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>JOSEPH W. ISAAC a/k/a JOSEPH W. ISAACS,<br><br>Defendant. | Adv. Proc. No. 19-50976 (JKS) |

## ORDER APPROVING STIPULATION OF SETTLEMENT AND FOR ENTRY OF JUDGMENT AGAINST JOSEPH ISAACS

The Court having considered the *Stipulation of Settlement and for Entry of Judgment Against Joseph Isaacs* (the "Stipulation") and the *Settlement Agreement* (the "Settlement Agreement") attached thereto[2], it is hereby ORDERED that:

1. The Stipulation and the Settlement Agreement are approved in their entirety.

2. This Court retains exclusive jurisdiction to interpret and enforce this Order, the Stipulation, and the Settlement Agreement.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation or the Settlement Agreement, as applicable.

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California  )
County of __RIVERSIDE__  )

On __JULY 14, 2021__ before me, __PRITI B. PATEL, NOTARY PUBLIC__,
          Date                                              Here Insert Name and Title of the Officer
personally appeared __JOSEPH ISAAC__
                                                Name(s) of Signer(s)

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Notary Seal: PRITI B PATEL, Notary Public - California, Riverside County, Commission # 2352663, My Comm. Expires Apr 17, 2025]

Signature __Priti B Patel__
                    *Signature of Notary Public*

*Place Notary Seal Above*

─────────── **OPTIONAL** ───────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____  Document Date: _____
Number of Pages: _____  Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____        Signer's Name: _____
☐ Corporate Officer — Title(s): _____     ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General              ☐ Partner — ☐ Limited  ☐ General
☐ Individual       ☐ Attorney in Fact           ☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator    ☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____             ☐ Other: _____
Signer Is Representing: _____      Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907